IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| KENNETH L. LAPORTE, JR., | : | |
| Plaintiff, | : | |
| v. | : | Civ. No. 13-1229-LPS |
| CITY OF NEW CASTLE, DELAWARE, | : | |
| Defendant. | : | |

Kenneth L. LaPorte, Jr., Bremerton, Washington, Pro Se Plaintiff.

Thaddeus James Weaver, Esquire, Dilworth Paxson LLP, Wilmington, Delaware. Counsel for Defendant.

**MEMORANDUM OPINION**

August 19, 2015
Wilmington, Delaware

*[signature]*

STARK, U.S. District Judge:

## I. INTRODUCTION

Plaintiff Kenneth L. LaPorte, Jr., ("Plaintiff") filed this action on July 12, 2013. He proceeds *pro se* and was granted *in forma pauperis* status. The Court has jurisdiction by reason of diversity pursuant to 28 U.S.C. § 1332. Presently before the Court is Defendant's renewed motion to dismiss under Rule 12(b)(6). (D.I. 18) Plaintiff did not file a response to the motion.

## II. BACKGROUND

Plaintiff served as a police officer for Defendant in the late 1970s to the early 1980s. (D.I. 2 Ex. 2 at 2) His original complaint contains three claims, as follows: (1) Plaintiff is entitled to pension payments or some other employment benefit pension payments; (2) Plaintiff was subjected to a hostile work environment based on his sexual orientation; and (3) Defendant retaliated against Plaintiff after he settled an unrelated lawsuit, when it disseminated false information about him and committed fraud and caused perjury allegations to be brought against Plaintiff in a disability hearing, violating Plaintiff's constitutional rights. (D.I. 2 ¶¶ III.c, b; V. a-d.) On August 8, 2014, the Court granted Defendant's motion to dismiss and motion for a more definite statement. (D.I. 16) The Court dismissed the pension benefit claim as time-barred and the hostile work environment claim for failure to exhaust administrative remedies as required under the Civil Rights Act of 1964, 42 U.S.C. § 2000e-5(e). With regard to the retaliation claim, the Court found it wholly lacking in details and granted Defendant's motion for a more definite statement. Plaintiff was ordered to provide Defendant with a more definite statement and was also given the option of filing an amended complaint.

Plaintiff filed an amended complaint on September 2, 2014. (D.I. 17) The amended complaint contains two counts and re-alleges the facts contained in the original complaint. Count 1 raises a breach of contract/breach of implied contract claim with regard to entitlement to a pension

1

award and Count 2 raises a breach of contract/retaliation claim. Defendant moves for dismissal pursuant to Rule 12(b)(6) as to Count 1 on the grounds that Plaintiff has no right to a pension and as to Count 2 that it is time-barred.

## III. LEGAL STANDARDS

Evaluating a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) requires the Court to accept as true all material allegations of the complaint. *See Spruill v. Gillis*, 372 F.3d 218, 223 (3d Cir. 2004). "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1420 (3d Cir. 1997) (internal quotation marks omitted). Thus, the Court may grant such a motion to dismiss only if, after "accepting all well-pleaded allegations in the complaint as true, and viewing them in the light most favorable to plaintiff, plaintiff is not entitled to relief." *Maio v. Aetna, Inc.*, 221 F.3d 472, 481-82 (3d Cir. 2000) (internal quotation marks omitted). However, "[t]o survive a motion to dismiss, a civil plaintiff must allege facts that 'raise a right to relief above the speculative level on the assumption that the allegations in the complaint are true (even if doubtful in fact).'" *Victaulic Co. v. Tieman*, 499 F.3d 227, 234 (3d Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). At bottom, "[t]he complaint must state enough facts to raise a reasonable expectation that discovery will reveal evidence of [each] necessary element" of a plaintiff's claim. *Wilkerson v. New Media Tech. Charter Sch. Inc.*, 522 F.3d 315, 321 (3d Cir. 2008) (internal quotation marks omitted).

The Court is not obligated to accept as true "bald assertions," *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997) (internal quotation marks omitted), "unsupported conclusions and

2

unwarranted inferences," *Schuylkill Energy Res., Inc. v. Pennsylvania Power & Light Co.*, 113 F.3d 405, 417 (3d Cir. 1997), or allegations that are "self-evidently false," *Nami v. Fauver*, 82 F.3d 63, 69 (3d Cir. 1996). Because Plaintiff proceeds *pro se*, his pleading is liberally construed and his amended complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotation marks omitted).

## IV. DISCUSSION

### A. Count 1

Defendant moves to dismiss Count 1 on the grounds that Plaintiff has no claim against it. The amended complaint amends the pension benefits claim (as alleged in the original complaint) into a breach of contract claim.[1] Count 1 of the Amended Complaint alleges that Defendant breached its contract with Plaintiff when it violated City Ordinance No. 178 §§ 1.14, 2, 2.3, 8, 8.1 (original and as amended) and Ordinance No. 219 by failing to award Plaintiff any and all benefits under an employee-employer contract. Plaintiff submitted an application or request for a disability pension in 1979. (D.I. 17 Ex. 3) A hearing was scheduled for October 3, 1979, and Plaintiff was provided with a copy of the pension ordinance. (*Id.* at Exs. 3, 5) A hearing was later scheduled for January 17, 1980. (*Id.* at Ex. 6) Plaintiff alleges that he timely sought pension benefits and was wrongfully denied benefits by the City Pension Plan Board. (*Id.* at 2)

> Ordinance No. 178 § 8 .1 provides that
>
> The City reserves the right at any time, . . . to modify or amend in whole or part any or all of the provisions of the Plan. This right of the City is subject to the conditions (a) that no modification adversely affects the benefits under the Plan of anyone then being paid a benefit whether he be an Employee, Former Employee or

---

[1] In the August 8, 2014 Memorandum Order, the Court dismissed the pension benefits claim as time-barred.

3

beneficiary . . . .

(*Id.* at Ex. 12) The Court takes judicial notice that, on June 13, 1995, in Resolution 95-8, Defendant elected to participate in the Delaware County and Municipal Police/Firefighters Pension Plan ("1995 Pension Plan") on or after July 1, 1995. *See* http://ecode360.com/8873521 (Aug. 17, 2015).

Count 1 fails for two reasons. First, it is obvious from the face of the amended complaint that, to the extent Plaintiff alleges a breach of contract claim, the claim is time-barred by reason of the three-year statute of limitations for breach of contract claims under Delaware law. *See* 10 Del. C. § 8106. Plaintiff was denied benefits sometime in 1980, and he did not file this lawsuit until 2013, long after the statute of limitations expired.

Second, the allegations in the amended complaint fail to state a claim upon which relief may be granted. Plaintiff alleges that the pension ordinances are applicable because they were in effect when he was employed by Defendant. A plain reading of Ordinance No. 178 § 8.1 indicates that a subsequent modification of the ordinance would only affect Plaintiff had he been awarded pension benefits (i.e., "no modification [may] adversely affect[] the benefits under the Plan of anyone ***then being paid a benefit***") (emphasis added). However, the allegations are that Plaintiff never received a pension under the pension ordinances in effect at the time of his request.

Moreover, Defendant's current pension plan is limited to persons who were employed on or after the date Defendant affiliated with the 1995 Pension Plan, and Plaintiff's employment with Defendant ended in the early 1980s. *See* 11 Del. C. §§ 8801(11), 8843

Accordingly, for the reasons stated, the Court will grant the renewed motion to dismiss Count 1 of the amended complaint.

    **B.**    **Count 2**

Defendant moves to dismiss Count 2 on the grounds that it is time-barred under either 10 Del. C. § 8111 (one-year statute of limitations period) or 10 Del. C. § 8206(a) (three-year statute of limitations period) given that Plaintiff alleges he was wrongly denied a pension thirty-five years ago. Count 2 alleges that:

> Defendant knowingly breached the Contract with the Plaintiff to retaliate for filing a civil lawsuit unrelated to this claim at approximately the same period. The Defendant knew or should have known the severity of the Plaintiff's on the job injuries and complied with the contract provisions to help alleviate the Plaintiff's sufferings as a result of those injuries.

(D.I. 17 at ¶ III, Count 2)

It is clear from the allegations in the amended complaint that Count 2 is time-barred. Plaintiff waited some thirty years to seek relief for the denial of his pension claim, long after the time by which the statute of limitations required him to do so.

In addition, the claim fails to the extent that Plaintiff alleges Defendant retaliated against him for filing an unrelated lawsuit around the same time. A municipality can only be found liable for a constitutional violation pursuant to § 1983[2] when it is found to have directly caused a violation through a "policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers" or an informal "custom or usage." *Brown v. Muhlenberg Twp.*, 269 F.3d 205, 215 (3d Cir. 2001) (quoting *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658 (1978)). The amended complaint contains no such allegations.

---

[2] When bringing a § 1983 claim, a plaintiff must allege that some person has deprived him of a federal right, and that the person who caused the deprivation acted under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

5

Also, a retaliation claim under 42 U.S.C. § 1983 has a two-year statute of limitations period and, due to the thirty-year delay in filing this lawsuit, the claim is time-barred.[3]

The claims in Count 2 are time-barred and, therefore, the Court will grant Defendant's renewed motion to dismiss Count 2 of the amended complaint.

## V. CONCLUSION

For the above reasons, the Court will grant Defendant's renewed motion to dismiss. (D.I. 18)

An appropriate Order will be entered.

---

[3] For purposes of the statute of limitations, § 1983 claims are characterized as personal injury actions, *see Wilson v. Garcia*, 471 U.S. 261, 275 (1983), and accrue "when the plaintiff knew or should have known of the injury upon which its action is based," *Sameric Corp. v. City of Philadelphia*, 142 F.3d 582, 599 (3d Cir. 1998).